In the Supreme Court of Georgia

Decided:    November 3, 2014

S14Y1280.IN THE MATTER OF STEPHEN L. MINSK.

PER CURIAM.

This matter is before the Court on the Notice of Discipline seeking the disbarment of Stephen L. Minsk (State Bar No. 511366). Minsk acknowledged service of the notice but he failed to file a Notice of Rejection, so he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b). We agree with the State Bar that disbarment is appropriate.

The facts, as deemed admitted by Minsk's default, show that in 2012 Minsk, who was admitted to practice in 1985, filed a Chapter 7 bankruptcy petition on behalf of his debtor client in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division. Minsk filed the above petition and the associated statement of financial affairs without the authority or consent of his client or of the individual principal, whose name Minsk forged

on the petition. In connection with the bankruptcy petition, Minsk engaged in a pattern of making knowingly false statements to his client, to the court, and to third parties. Minsk's misconduct was egregious and willful, and as a result, the bankruptcy court entered an order imposing sanctions pursuant to Bankruptcy Rule 9011, 11 U.S.C. §105(a), and its own inherent powers. Included as part of the sanctions was a $40,000 judgment against Minsk in favor of his client, which Minsk proposed paying off in $1,000 monthly increments. Although the bankruptcy court approved Minsk's proposed payment plan, it later held him in contempt for failing to make any payments under the plan after his checks were returned for insufficient funds. Based on this admitted behavior, we agree with the Investigative Panel which found that Minsk had violated Rules 1.2, 1.4, 1.7, 3.1, 3.3, 3.5, 4.1, 4.4 and 8.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).

In aggravation of discipline we note that Minsk acknowledged service of the Notice of Investigation but did not file a response. We further note that, although Minsk has received no prior discipline to date, the Investigative Panel has found probable cause in an unrelated disciplinary matter and has filed a Formal Complaint seeking his disbarment in that case, as well.

2

We have reviewed the record in this case and agree that disbarment is the appropriate sanction. Therefore, we hereby order that the name of Stephen L. Minsk be removed from the rolls of persons authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

Disbarred. All the Justices Concur.